VOROS, Judge
(concurring in the result):
¶19 I concur in the result. I would affirm on the ground that Defendant’s character for truthfulness was irrelevant, and thus that the exclusion of this proposed character witness was harmless, if not incriminating.
¶20 Defendant claims that “[t]he prosecution attacked [his] character for truthfulness when it cross-examined him concerning his finances after he testified that he could not afford a permit or a holster.” But whether Defendant could afford a concealed-carry permit was irrelevant. The statute under which he was convicted exempts those “to whom a permit to carry a concealed firearm has been issued.” Utah Code Ann. § 76-10-523(2) (LexisNexis Supp. 2013). It does not exempt those who cannot afford a permit or holster. See id. Accordingly, evidence that Defendant testified truthfully that he could not afford a permit would only have confirmed that he did not qualify for the statutory exemption. It would, in other words, have confirmed Defendant’s character for truthfulness, but also his guilt.